**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00292-CMA-BNB

HILDA SOLIS, Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

MELT BRANDS STORES, LLC, a corporation, and
DAVID FISHER, individually,

    Defendants.

---

**ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS MELT BRANDS STORES, LLC, AND DAVID FISHER**

---

This matter is before the Court pursuant to Plaintiff's Motions for Default Judgment (Doc. ## 13, 18) against Defendants Melt Brands Stores, LLC ("Melt Brands"), and David Fisher. For the reasons discussed below, default judgment shall be entered against Defendants.

### I. BACKGROUND

**A.      FACTS**

Plaintiff Hilda Solis, the Secretary of Labor at the United States Department of Labor, initiated this action on February 3, 2011, asserting violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. # 1.) The violations stem from Defendants' alleged failure to pay back wages to several employees. (*Id.*)

Michael Jones, an investigator with the Wage Hour Division of the Department of Labor, conducted two investigations of Defendants for compliance with the FLSA. (Doc. ## 1, 20-5.) During the first investigation, Plaintiff discovered that Defendants had "failed to pay minimum wage and/or overtime compensation totaling $14,589.55 to [fifteen] employees" from June 2009 to December 2009.[1] (*Id.*) According to Plaintiff, Defendants subsequently paid $2,898.10, but still owe $11,691.34.[2]

Plaintiff initiated the second investigation after Defendants failed to pay the majority of the back wages due. (Doc. # 20 at 3.) During that investigation, Plaintiff discovered that "for the period January 2010 to the end of June 2010, Defendants failed to pay minimum wage and/or overtime compensation totaling $33,1965.82 [*sic*]."[3] (Doc. # 1 at 3.) Also during that investigation, Defendants allegedly failed "to produce records from which Investigator Jones could calculate back wages." (Doc. # 20 at 4.) As a result, Jones relied on interview statements from employees "to reconstruct the amount of back wages due for missed/bounced paychecks and to calculate overtime due for misclassified employees." (*Id.*) Interviews with the employees revealed that they "did not work overtime and were paid an hourly rate only slightly higher than minimum

---

[1] In his affidavit, Jones clarifies that the investigation "covered approximately July 2008 (when Melt [Brands] was established) through January 2010." (Doc. # 20-5.)

[2] In the November 29, 2011 Supplemental Memorandum, Plaintiff corrected the amount due in back wages to $11,691.45. (Doc. # 20-5 at 3.) Based on Plaintiff's exhibits, Defendants owe (1) Dane Cherry $10,197.00; (2) Gloria Delgadillo $52.20; (3) Jackie Fontain $181.25; (4) Michael Mantooth $1,000.00; and (5) Stacy Webb $261.00 in back wages. (Doc. # 20-6.)

[3] In the November 29, 2011 Supplemental Memorandum, Plaintiff asserts that $33,965.82 reflects the amount of back wages due after the second investigation. (Doc. # 20 at 1-2.)

wage."[4]  (*Id.* at 5.)  To calculate back wages for these employees, Jones applied the minimum wage rate for all hours worked regardless of their regular rate.[5]  (*Id.* at 7.)

Jones also discovered that Defendants failed to pay certain employees overtime for their forty-five hour workweek.[6]  (Doc. # 20-5 at 5.)  Defendants treated these employees "as exempt and paid them straight time for hours worked over [forty]."  (*Id.*)  Plaintiff asserts that, for employees who work overtime, "Wage Hour calculates hours worked at that employee's regular hourly rate and back wages at time-and-a-half that regular hourly rate."  (*Id.* at 7.)  Jones calculated the amount due to management-level employees accordingly.

---

[4] Jones calculated back wages at the minimum wage rate for Kelly Berry, Nicole Bland, Katelyn Brooks, Olivia Chambers, Connie Chavez, Joshua Dionne, Megan Eliland, Gabriella Gonzales, Randi Holland, Julia Hurd, Elizabeth Kaan, Rachelle Kaan, Bridgett Keller, Shannon Keller, Mark Lucas, Mary Mulikin, Seth Pacheco, Kori Pothour, Amanda Rist, Margaret Wilson, and Michelle Womack.  (Doc. ## 20-5, 20-10.)

[5] Thus, Jones multiplied $7.25 by the number of hours the employee worked.  (Doc. # 20-5 at 7.)  According to Jones, he used the minimum wage to calculate the back wages owed because the "Klinghoffer Rule" applied in this case.  (*Id.*)  He asserts that this rule "provides that if an employee is paid more than minimum wage, but does not work overtime in the workweek in which back wages are due, Wage Hour can only calculate back wages at the minimum wage rate rather than the employee's regular hourly rate."  (*Id.*)  Plaintiff does not cite, nor is the Court aware of, any decision applying the Klinghoffer Rule in the context of default judgments.  Rather, the Tenth Circuit has held that "[t]he regular rate is the hourly rate actually paid for the normal, non-overtime workweek."  *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304-05 (10th Cir. 2011) (internal quotation marks and citation omitted).  Because Plaintiff seeks only compensation at the minimum wage, however, the Court will not disturb her request.

[6] Jones calculated overtime wages for Bethany Crocker, Shannon Glorioso, Melissa Hakes, Sara Hanaman, John Hennig, Tessa Mayo, Daniel Tuttle, and Chase Whitmore.  (Doc. # 20-5 at 5.)  He conducted interviews with the employees to determine whether or not they worked overtime during the weeks Defendants did not pay them.  (*Id.*)

As a result of the two investigations, Plaintiff requests: (1) back wages of $45,657.27;[7] (2) an additional $45,657.27 in liquidated damages; and (3) a permanent injunction enjoining Defendants and their officers, agents, servants, and employees from violating sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA. (*See* Doc. ## 13-1, 18-1, 20.)

**B.    PROCEDURAL HISTORY**

Defendants were served with a summons and copy of the Complaint in March 2011. None of the Defendants responded to the Complaint or otherwise appeared in this matter.

On Plaintiff's motion, the Clerk of Court entered default against Fisher on June 15, 2011 (Doc. # 10), and against Melt Brands on August 23, 2011 (Doc. # 17). On August 5, 2011, Plaintiff moved for entry of default judgment as to Fisher with supporting affidavits and exhibits. (Doc. # 13.) Likewise, on September 2, 2011, Plaintiff moved for entry of default as to Melt Brands with supporting affidavits and exhibits. (Doc. # 18.) On November 8, 2011, the Court directed Plaintiff to substantiate the damages it requested in a supplemental memorandum. (Doc. # 19.) On November

---

[7] Broken down as follows: (1) Kelly Berry $391.50; (2) Nicole Bland $59.83; (3) Katelyn Brooks $587.40; (4) Olivia Chambers $903.42; (5) Connie Chavez $137.75; (6) Bethany Crocker $898.33; (7) Joshua P. Dionne $449.50; (8) Megan Eliland $253.75; (9) Shannon B. Glorioso $3,848.89; (10) Gabriella Gonzales $543.75; (11) Melissa D. Hakes $1,345.30; (12) Sara Hanaman $785.26; (13) John Hennig $8,794.89; (14) Randi Holland $290.00; (15) Julia Hurd $789.82; (16) Elizabeth Kaan $391.50; (17) Rachelle Kaan $391.50; (18) Bridgett Keller $196.55; (19) Shannon Keller $1,087.50; (20) Mark Lucas $870.00; (21) Tessa Mayo $1,891.00; (22) Mary Mulikin $652.50; (23) Seth Pacheco $217.50; (24) Kori Pothour $424.13; (25) Amanda Rist $181.25; (26) Daniel Tuttle $544.85; (27) Bryan C. Whitmore $6,806.15; (28) Margaret Wilson $159.50; and (29) Michelle S. Womack $72.50. (Doc. # 20-10.)

29, 2011, Plaintiff submitted such a memorandum, along with supporting affidavits. (Doc. # 20.)

The Court has reviewed the Motions, the exhibits and affidavits, the entire record, and the applicable law, and is sufficiently advised on the issues involved. Plaintiff's Motions for Entry of Default Judgment are granted.

## II. STANDARD OF REVIEW

Default must be entered against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Fed. R. Civ. P. 55(b)(1), default judgment must be entered by the clerk of court if the claim is for a "sum certain." In all other cases, however, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted). Further, "when a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." *United States v. Craighead*, 176 Fed. App'x. 922, 925 (10th Cir. 2006) (unpublished) (quoting *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001)).

When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.*, No. 08-cv-01569, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010) (unpublished); *see also Hennecke, Inc. v. Advanced Bldg. Composites, LLC*, No. 10-2054, 2010 WL 2464842, at *2 (D. Kan. June 4, 2010) (unpublished) ("A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. [The plaintiff] must also establish that the amount requested is reasonable under the circumstances." (internal quotation marks and citation omitted)); *but see OTO Software, Inc. v. Highwall Techs., LLC*, No. 08-cv-01897, 2011 WL 3236049, at *5 n.5 (D. Colo. July 5, 2011) (unpublished) ("While a plaintiff cannot recover damages that are speculative, an injured party is not required to prove damages with absolute certainty.").

### III. **CONCLUSIONS OF LAW**

**A.   FLSA VIOLATIONS**

The FLSA provides covered workers a minimum wage and guarantees overtime compensation for hours worked in excess of forty hours per week. 29 U.S.C. § 201, *et seq.* Employers are liable to their employees for unpaid minimum wages, unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). This provision, therefore, essentially doubles the plaintiff's damages award. *Mumby v. Pure Energy Servs.*, 636 F.3d 1266, 1272 (10th Cir. 2011).

1.     Back Wages

Under the FLSA, employers are required to "make, keep, and preserve" records of their employees including "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). An employer's compliance with section 211(c) "determines the burden of proof faced by a plaintiff in establishing the number of overtime hours worked." *McGrath v. Central Masonry Corp.*, No. 06-cv-00224, 2009 WL 3158131, at *6 (D. Colo. Sept. 29, 2009) (unpublished).

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes[,] a more difficult problem arises . . . . In such a situation . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972)). Thus, when an employer does not comply with section 211(c), a plaintiff need only meet the "just and reasonable inference" burden of proof. *Id.*

During the first investigation, Defendants provided information and agreed to pay back wages. (*See* Doc. # 20-6.) Defendants, however, paid only a portion of the promised amount. (Doc. # 20-7.) During the second investigation, Defendants did not

respond to Plaintiff's requests for information. Thus, Jones based the damages calculations on interviews with the employees. In a few instances, employees provided him with time cards. Comparing the information obtained from the various documents and interviews, Jones calculated the employees' back wages and the management-level employees' overtime compensation. Accordingly, the Court finds that Plaintiff's estimates of the hours worked and wages earned is sufficient evidence from which an award of damages under the FLSA may be made. *See Mt. Clemens Pottery Co.*, 328 U.S. at 687-88 (approving the use of employee estimates of uncompensated time where the employer failed to maintain accurate records); *Hodgson v. Humphries*, 454 F.2d 1279, 1283 (10th Cir. 1972) (affirming the investigator's use of employees' estimations of the amount of hours worked); *McGrath*, 2009 WL 3158131, at *7 (concluding that the plaintiff's estimation of the number of overtime hours he worked on a weekly basis satisfied the deferential standard in *Mt. Clemens Pottery Co.*); *Chao v. First Nat'l Lending Corp.*, 516 F. Supp. 2d 895, 902 (N.D. Ohio Mar. 31, 2006) (finding that when the defendants did not provide records to calculate back wages, comparing the information gained from interviews of employees provided sufficient evidence).

Accordingly, Defendants owe: (1) $11,691.45 in back wages from the first investigation[8] and (2) $33,965.82 from the second investigation,[9] for a total of $45,657.27 in compensatory damages.

---

[8] *See* n.2, *supra*.

[9] *See* n.7, *supra*.

### 2.  Liquidated Damages

In addition to unpaid wages and unpaid overtime compensation, an employer who violates the FLSA may be liable for liquidated damages, in an amount equal to unpaid wages and overtime compensation.  29 U.S.C. § 216(b).  Liquidated damages can be avoided, however, if the employer shows that it acted in good faith and had reasonable grounds for believing that the act or omission giving rise to the violation was not contrary to the FLSA.  29 U.S.C. § 260; *see Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1540 (10th Cir. 1991) (recognizing that the "court may eliminate or reduce the award of liquidated damages only if the employer shows both that he acted in good faith and that he had reasonable grounds for believing that his actions did not violate the Act").  Defendants have defaulted and the Court finds that Defendants should be held liable for $45,657.27 in liquidated damages.

### 3.  Injunctive Relief

District courts may issue injunctions against violations of the FLSA.  *See* 29 U.S.C. § 217.  Plaintiff bears the burden of showing that an injunction is necessary to prevent future violations.  *See Mitchell v. Hertzke*, 234 F.2d 183, 187 (10th Cir. 1956).  Courts assess several factors when deciding whether to grant an injunction, including "the employer's previous conduct, its current conduct, and the reliability of its promises of future compliance." *Metzler v. IBP, Inc.*, 127 F.3d 959, 963 (10th Cir. 1997).  If an employer has violated the FLSA previously, the court balances the finding of a violation "against factors indicating a reasonable likelihood that the violation will not recur, such

as the employer's intent to comply, extraordinary efforts taken to prevent recurrence, the absence of repetitive violations, and the absence of bad faith." *Id.* at 963-64. Here, Plaintiff satisfies her burden of proving that an injunction is necessary to prevent future violations. There is no indication that Defendants will cease from violating provisions of the FLSA and, at present, Defendants are not in compliance. Further, after the first investigation, although Defendants promised to pay the full amount of back wages due, they defaulted on the majority of the payment. Based on Defendants' past and present noncompliance, an injunction is appropriate to prevent future violations of the FLSA.

## IV.  **CONCLUSION**

Based on the foregoing analysis, it is ORDERED that Plaintiff Hilda Solis's Motions for Entry of Default Judgment (Docs. ## 13, 18) as against Defendants Melt Brands Stores, LLC and David Fisher are GRANTED.

It is FURTHER ORDERED that Defendants are permanently enjoined from further violations of sections 6, 7, 11(c), and 15(a)(5) of the Fair Labor Standards Act of 1938 ("FLSA"). Defendants shall not, contrary to sections 6 and 15(a)(2) of the FLSA, fail to pay its employees engaged in commerce or the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, wages at rates not less than $7.25, or any rate subsequently made applicable by amendment to the FLSA, for every hour worked by Defendants' employees.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees in commerce or in the production of goods for commerce, or an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours without compensating such employees for his or her employment in excess of forty hours per workweek at a rate not less than one-and-one-half times the regular rate at which he or she is employed.

Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of its employees, and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by section 11(c) of the FLSA.  Defendants shall make its records available at all reasonable times to representatives of the Plaintiff.

It is FURTHER ORDERED that Defendants Melt Brands Store, LLC and David Fisher are held jointly and severally liable in the amount of $91,314.54 in unpaid minimum wage and overtime compensation due its employees (reflecting the back wages owed of $45,657.16 from two investigations and an additional, equal amount in liquidated damages).  Post judgment interest shall accrue at the rate set for federal civil judgments, pursuant to 28 U.S.C. § 1961, at the current legal rate of 0.12% from the date of entry of this Judgment.

It is FURTHER ORDERED that Defendants shall pay these back wages and liquidated damages by issuing a cashier's check in the amount of $91,314.54 by no later than February 16, 2012.  The check shall be made payable to "U.S. Dept. of Labor

– Wage-Hour" and shall be mailed to DOL WHD, Denver District Office, 1999 Broadway, Suite 710, Denver, CO 80202.  If the payment is more than five (5) days late, Defendants shall be subject to the assessment of interest as specified in this order, and penalty interest and collection costs, as provided for by the Debt Collection Improvement Act of 1996.

Upon receipt of full payment, Plaintiff's counsel shall file with the Court a certificate of payment and representatives of the Plaintiff shall distribute such amounts less appropriate deductions for federal income tax withholding and the employee's share of the social security (F.I.C.A.) tax to the employees, or their legal representatives, as their interests may appear.  Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

Any back wages which cannot be distributed to the employees, or to their personal representatives because of the inability of Plaintiff to locate the proper persons or because of any person's refusal to accept payment, shall be deposited by the Plaintiff in a special deposit account to be paid to the rightful employee.  If such back wages are not claimed by the employee (or a personal representative of the employee) within three years, Plaintiff shall deposit them into the United States Treasury as miscellaneous receipts.

It is FURTHER ORDERED that each party shall bear his, her, or its own attorney's fees, costs and other expenses incurred by such party to date in connection with any stage of the proceeding including, but not limited to, attorney's fees, costs and

other expenses which may be available under the Equal Access to Justice Act, as amended.

DATED: February __02__, 2012

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge